[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION
The defendant, A. Gloria's Market, Inc. ("corporate defendant"), moved for summary judgment. The complaint alleges that, on April 6, 1989, the plaintiffs sustained injuries as the result of the negligent conduct of the defendants, Anthony C. Gloria, Joseph J. Gloria and Louis Gloria. The return date of the complaint is May 7, 1991. The corporate defendant, which was not named in the original summons and complaint, was served with a summons and complaint pursuant to an order by the court granting the plaintiff's Motion to Cite In Party Defendant. The motion was filed on January 3, 1992 and the order was entered on January 21, 1992.
The individual defendants moved for summary judgment on March 17, 1992 and, on April 7, 1992, the court granted the motion. These defendants had moved for summary judgment on July 12, 1991 and that motion was denied on January 6, 1992. In an affidavit which accompanied the July motion, one defendant stated that the subject business was owned, operated and controlled by "A. Gloria's Farm Market Garden Center, Inc., a Connecticut corporation." The subject premises are alleged by the plaintiffs as the site of a falldown that occurred on April 6, 1989. At the time of the alleged incident, the plaintiffs claimed that the subject premises were known as "Gloria's Garden Center" and that the Secretary of the State of Connecticut could not verify the existence of a corporation by that name.
CT Page 9023 The plaintiffs brought the original action against the individual defendants who were listed in the Milford Land Records as the owners of the subject premises. The plaintiffs filed an objection to the July motion for summary judgment and, on November 26, 1991, the individual defendants filed a supplemental memorandum of law to support their motion, together with an additional affidavit which, in effect, amended the earlier affidavits by correctly identifying the name of the corporate owner of the subject premises as a Connecticut corporation, in good standing, known as "A. Gloria's Farm Market Incorporated."
The motion to cite in an additional party as a defendant was based upon General Statutes, 52-102, which states:
 Upon motion made by any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving, as the case may be, (1) may be made a party by the court if that person has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, or (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein; provided no person who is immune from liability shall be made a defendant in the controversy.
The motion was granted after a hearing on the defendants' objection. The court, in denying the corporate defendant's motion for summary judgment, took into consideration the aforementioned pleadings and rulings thereon, including the fact that the corporate defendant was ordered cited in less "than three years from the date of the act or omission complained of" in the original complaint. See, General Statutes, 52-584.
BY THE COURT: LEANDER C. GRAY, JUDGE CT Page 9024